[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11528

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YOVANNY HERNANDEZ SEVERINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00465-SCB-AEP-3

_____

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Yovanny Hernandez Severino, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release and subsequent post-judgment motion for reconsideration. The government, in turn, moves for summary affirmance and to stay the briefing schedule.

## I.

In 2018, a Coast Guard cutter detected a "go-fast vessel" approximately 200 nautical miles south of the Dominican Republic and interdicted the vessel. After a boarding team approached the vessel, the operator refused to step away from the helm and tried to escape. During the attempted escape, the crew jettisoned bales of contraband and barrels of fuel. The Coast Guard cutter disabled the vessel, and the boarding team captured Severino and two other crewmembers. The Coast Guard recovered approximately 570 kilograms of cocaine from approximately 19 jettisoned bales.

A grand jury charged Severino with one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine while on a vessel subject to the jurisdiction of the United States, 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. §§ 70503(a), 70506(a)–(b), and one count of possession with intent to distribute five or more kilograms of cocaine while on a vessel subject to the

jurisdiction of the United States, 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. §§ 70503(a), 70506(a).

Severino later agreed to plead guilty to both counts without the benefit of a written plea agreement.  A magistrate judge held a change of plea hearing and issued a report recommending the district court accept the plea.  The district court adopted the report, accepted his plea, and ultimately sentenced Severino to 210 months' imprisonment based on a total offense level of 35 and a criminal history category of III.  Severino did not appeal.

In February 2021, Severino, proceeding *pro se*, filed the present motion for compassionate release.  Procedurally, he argued he had exhausted his administrative remedies and that, even if he had not, the district court could still consider his motion as it was not a jurisdictional requirement.  For his extraordinary and compelling reasons, he asserted that he suffered from health conditions that increased his risk of serious infection or death if he contracted COVID-19, the spread of which was particularly severe in a prison environment.  He also contended that the 18 U.S.C. § 3553(a) factors weighed in favor of releasing him because he was a nonviolent offender, he was not a danger to the community, and other inmates with similar health conditions had been released due to the risk of a serious infection.

The district court denied Severino's motion before the government could respond, finding that he had not waived his exhaustion requirement and that, even though the requirement was not

jurisdictional, it still represented a mandatory claims processing rule that should not be waived.

Next, the district court found that, even if Severino had exhausted his remedies or that requirement was waived, he had failed to identify an extraordinary and compelling reason that would warrant his release, finding that his medical circumstances, as well as the possibly of COVID-19 exposure, did not rise to the level of an extraordinary or compelling reason. As to the § 3553(a) factors, the district court weighed the factors and found that they weighed against granting Severino relief based on his offense conduct and the length of time he had served of his sentence.

Rather than immediately appealing, Severino moved for reconsideration, arguing he had not received notice about briefing or opposition to his motion. The district court denied the motion as the government had not responded and Severino did not have a right of reply.

On appeal, Severino argues that the district court erred by considering the exhaustion requirement to be mandatory when it is a non-jurisdictional claims processing rule that could have been waived. Substantively, Severino argues that his medical conditions combined with the COVID-19 pandemic constituted an extraordinary and compelling reason meriting relief and that the district court was no longer bound by the U.S.S.G. § 1B1.13 policy statement. He does not argue against the district court's finding that the § 3553(a) factors did not weigh in favor of release.

The government, in response, moved for summary affirmance and to stay the briefing schedule, arguing that Severino failed to establish he had exhausted his administrative remedies. Substantively, the government argues that Severino failed to establish that he suffered from a qualifying medical extraordinary and compelling reason and the district court could not consider other reasons outside the policy statement. The government also contends that Severino failed to argue against the district court's finding that the § 3553(a) factors weighed in favor of release. Finally, the government argues that the district court correctly denied Severino's motion for reconsideration, as he did not raise a cognizable argument in that respect.

## II.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Phillips*, 597 F.3d 1190, 1194 & n.9 (11th Cir. 2020). When appropriate, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies

an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We "may affirm 'for any reason supported by the record, even if not relied upon by the district court.'" *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quoting *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1284 (11th Cir. 2007)).

*Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment," however, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). A party also abandons a claim when he fails to raise it plainly and prominently in his brief. *Id.* at 681.

Under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by us sitting *en banc*. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998).

## III.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194

(Dec. 21, 2018), expressly permits district courts to reduce a previously imposed term of imprisonment. *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021).

The First Step Act, in part, provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). In the context of compassionate release, the statute provides that:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).

The exhaustion requirement is not jurisdictional, but it is a claim-processing rule. *Harris*, 989 F.3d at 910–11. The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it. *Id.* at 911. If a party does not raise an objection based on a mandatory claims processing rule, that claim may be forfeited. *See id.*

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) "other reasons." *Id.* cmt. n.1. Subsection D serves as a catch-all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* cmt. n.1(D). Section 1B1.13 also states that extraordinary and compelling reasons exist if the defendant is suffering from, among other things, a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.* cmt. (n.1(A)(i)).

We have noted that the fact that a prisoner has a common ailment that could "possibly" make his risk of a serious illness "more likely" if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an "extraordinary and compelling reason" for early release from prison. *See Harris*, 989 F.3d at 912. Moreover, a district court does not err in finding a defendant ineligible for compassionate release where

certain health conditions are manageable in prison. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we concluded that § 1B1.13 was applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of extraordinary and compelling reasons. *Id.* at 1252–62. Next, we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263–65.

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. It is the defendant's burden to show that his circumstances warrant a reduction. § 3582(c)(1)(A)(i). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Generally, when a district court considers the § 3553(a) factors, it need not state on the record that it has explicitly considered each of them or discuss each of them. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

The district court need not conduct the compassionate release analysis in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may reduce a

term of imprisonment if the § 3553(a) factors favor doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community. *Id.* All of these necessary conditions must be satisfied before the court can grant a reduction. *Id.* Therefore, the absence of even one condition will foreclose a sentence reduction. *Id.* at 1238.

"[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure." *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992). In civil cases, a party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

## IV.

Turning to the issues raised on appeal, even if we assume *arguendo* that Severino had exhausted his administrative remedies, or such exhaustion was not required, we conclude that the district court properly denied his motion on the merits, and we can affirm on those grounds alone.

First, Severino did not identify an extraordinary and compelling reason for releasing him. For his medical conditions, he did not show how he is unable to provide self-care while in the prison environment. U.S.S.G. § 1B1.13 cmt. n.1(A). Common ailments that may make side effects from COVID-19 worse do not rise to

21-11528                Opinion of the Court                11

the level of an extraordinary and compelling circumstance contemplated by the policy statement. *See Harris*, 989 F.3d at 912.  Further, we are bound by *Bryant* to apply the policy note to claims filed by defendants and to consider that district courts lacked discretion to go beyond the definitions provided using the catch-all provision as *Bryant* has not been overruled or abrogated by the Supreme Court or by us sitting *en banc*. *Bryant*, 996 F.3d at 1248, 1252–63, 1265; *Steele*, 147 F.3d at 1317–18.  As this is one of the necessary grounds for granting compassionate release, we can affirm on this ground alone. *Tinker*, 14 F.4th at 1237–38.

Second, we conclude that because Severino failed to expressly challenge on appeal the district court's finding that the § 3553(a) factors weighed against release, that argument is abandoned. *Sapuppo*, 739 F.3d at 681.  As the district court relied on this ground, in part, for its judgment, the decision of the district court is due to be affirmed. *Id.* at 680.  Even if implicitly preserved, any such challenge fails because the district court considered Severino's offense conduct and criminal history and had the discretion to put weight on those factors. *Croteau*, 819 F.3d at 1309.  Severino also had the burden to show that the factors weighed in his favor, and he did not do so.  18 U.S.C. § 3582(c)(1)(A)(i).  As this is one of the necessary conditions for compassionate release, we can also affirm on this ground. *Tinker*, 14 F.4th at 1237–38.

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing

12                    Opinion of the Court                    21-11528

schedule as moot. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *see also* 11th Cir. R. 31-1(c).